

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:WK
F.#2008R01798

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

February 7, 2012

**BY ECF & INTEROFFICE MAIL**

The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

> Re:  United States v. Joseph Talamini
>      Criminal Docket No. 10-289 (S-1)(DLI)

Dear Judge Irizarry:

On June 13, 2011, defendant Joseph Talamini pleaded guilty before the Hon. Viktor V. Pohorelsky to Count Five of the above-referenced superseding indictment alleging bank fraud, in violation of Title 18, United States Code, Section 1344.  The defendant is scheduled to be sentenced by the Court on Friday, February 24, 2012, at 11:00 a.m.  The government respectfully submits this letter in support of its request that the Court impose a sentence within the defendant's advisory guideline range.  In accordance with ¶ 5(b) of the plea agreement between the defendant and the government, the government takes no position on where within that range the sentence should fall.

The facts of this case are set forth in detail in ¶¶ 3-17 of the September 8, 2011 Presentence Investigation Report ("PSR").  In sum, from 2005 through 2008, while working as a mortgage broker, the defendant prepared and submitted to banks home mortgage loan ("mortgage") applications that falsely overstated mortgage applicants' salaries and assets.  (PSR, ¶ 4.)  He did so in order to induce the banks to extend mortgages to the applicants, whom the banks would otherwise have deemed insufficiently credit-worthy.  (Id.)  The defendant supported the false representations in the mortgage applications he prepared with forged and falsified bank statements and employment verifications.  (Id.)  For example, in connection with Count Five of the superseding indictment – the count to which the defendant

pleaded guilty – the defendant prepared and submitted a 2008 mortgage application (8 Hackmatac Street) that contained: (i) a forged verification of employment that overstated the applicant's income; and (ii) forged bank documents that purported to show that the applicant had assets and accounts that he did not in fact hold.[1]

The government has identified ten clear instances in which banks extended mortgages based upon fraudulent applications prepared by the defendant. (Id. at ¶ 5.) Some of the applicants were: the defendant's brother (8 Hackmatac Street, 2005; 49 Cypress Street) (id. at ¶¶ 8 and 12); and the father of the defendant's business partner, referenced above (980 Rockland Avenue; 8 Hackmatac Street, 2008) (id. at ¶ 8).[2] In one instance (23 Sequoia Drive), the seller was the brother of the defendant's business partner (id. at ¶ 10); in another (481A Lexington Avenue), the seller was the defendant's own company, Bridge Capital (id. at 11). In that instance, Bridge Capital had bought 481A Lexington Avenue earlier the same day for less than half the

---

[1]   The applicant for this mortgage was Dr. Vincent Conigliaro, the father of the defendant's business partner. Dr. Conigliaro also applied for the mortgage for 980 Rockland Avenue, which provides the basis for Count Three of the superseding indictment. Dr. Conigliaro has written a letter attesting to the defendant's honesty. See the defendant's January 26, 2012 sentencing submission ("Def. Mem."), p. 4. Dr. Conigliaro, however, confirmed for the government that his mortgage applications – the assembly of which he entrusted to the defendant – contained false information and also forged employment verifications and bank statements, none of which he had supplied to the defendant. While the government cannot present evidence that Dr. Conigliaro knew the defendant had been responsible for these, his attestation as to the honesty of the defendant seems incongruous in light of the underlying facts. Accordingly, the government respectfully submits that the Court should discount Dr. Conigliaro's assessment of the defendant's honesty.

[2]   In preparing this submission, the government has become aware of one error in the PSR that it had not previously noted. Paragraph 8 of the PSR reads that "[o]n October 8, 2008, Michael Talamini [the defendant's brother] sold the property [8 Hackmatac Street] to Vincent Conigliaro, the defendant's partner in V & J Consultants . . . ." The report should instead read: "Michael Talamini sold the property to Vincent Conigliaro, the father of the defendant's partner in V & J Consultants . . . ."

3

price the mortgage applicant and bank paid for it immediately thereafter.  (Id.)

Despite the information above, the government has not (1) established that any of the mortgage applicants was aware of the fraudulent contents of their mortgage applications, or (2) determined a method by which the defendant profited from the placement of these mortgages beyond his receipt of standard brokers' commissions and fees.[3]  (Id. at ¶ 6.)

The sentencing calculation in the Addendum to the PSR sets forth a total offense level of 18 and a criminal history category of I, yielding an advisory guideline range of imprisonment of 27 to 33 months.  Given the nature of the defendant's crime, a sentence within this range is appropriate to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), and further "to afford adequate deterrence to criminal conduct."  See id., § 3553(a)(2)(B).

In conclusion, for the reasons set forth above, the government respectfully requests that the Court impose a sentence within the defendant's advisory guideline range.

                     Respectfully submitted,

                     LORETTA E. LYNCH
                     United States Attorney

By:         /s/
     Whitman G.S. Knapp
     Assistant U.S. Attorney
     (718) 254-6107

c.c.:  Clerk of the Court (DLI) (by ECF)
      Louis M. Gelormino, Esq. (by ECF & email)
      Michael Dorra, Senior U.S. Probation Officer (by email)

---

[3]  The defendant asserts that he "has cooperated with [the government]." Def. Mem., p.1.  While the defendant submitted to interviews and admitted to certain illegal conduct, the government did not conclude that he had provided full, complete and truthful proffers.