# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| JOSEPH TALAMINI | ) | Case Number: 10-CR-289 (S-1) |
| | ) | USM Number: 78129-053 |
| | ) | Mario F. Gallucci, Esq. |
| | | Defendant's Attorney |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 27 2012 ★
BROOKLYN OFFICE

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   5 of superseding indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1344 | Bank Fraud, a Class B Felony | 6/6/2008 | 5s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  1, 2, 1s-4s   ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/15/2012
Date of Imposition of Judgment

s/DLI
Signature of Judge

Dora L. Irizarry          U.S. District Judge
Name of Judge             Title of Judge

June 19, 2012
Date

Rec'd 6/22/12

DEFENDANT: JOSEPH TALAMINI
CASE NUMBER: 10-CR-289 (S-1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Thirty-three (33) months.**

☑ The court makes the following recommendations to the Bureau of Prisons:

**Designation to a facility near the New York City area.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2 p.m. on __10/1/2012__ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JOSEPH TALAMINI
CASE NUMBER: 10-CR-289 (S-1)

Judgment—Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Five (5) years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

   or if such prior notification is not possible, then within forty eight hours after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOSEPH TALAMINI
CASE NUMBER: 10-CR-289 (S-1)

Judgment—Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall comply with the restitution order;

2) The defendant shall make full financial disclosure to the Probation Department;

3) The defendant shall refrain from engaging in mortgage and loan business, and shall assist the Probation Department in verifying the job description of any employment he secures while under supervision;

4) The defendant shall participate in an educational or vocational training program as approved by the U.S. Probation Department;

5) If the defendant is unemployed and not participating in educational/vocational training, he shall perform 24 hours of community service per week in a manner and at a rate approved by the U.S. Probation Department. The defendant will cooperate in allowing the Probation Department to confirm the community service is completed;

6) The defendant shall submit his or her person, residence, place of business, vehicle or any other premises under his or her control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted in a reasonable manner and at a reasonable time. The defendant's failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition;

7) The defendant shall not possess a firearm, ammunition, or destructive device.

DEFENDANT: JOSEPH TALAMINI
CASE NUMBER: 10-CR-289 (S-1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 305,661.53 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| MetLife Home Loans | $305,661.53 | $305,661.53 | |
| **TOTALS** | $ 305,661.53 | $ 305,661.53 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Judgement in a Criminal Case
Sheet 6 — Schedule of Payments
Case 1:10-cr-00289-DLI   Document 44   Filed 06/27/12   Page 6 of 10 PageID #: 156

DEFENDANT: JOSEPH TALAMINI
CASE NUMBER: 10-CR-289 (S-1)

Judgment — Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

  ☐ not later than _____, or
  ☑ in accordance ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

  Restitution shall be paid to the Clerk of Court, Eastern District of New York at the rate of $25 per quarter while in custody and 10% of gross monthly income while under supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

  See attached order. Forfeiture has been satisfied.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SLR:CPK:TYH
F.#2008R01798

Received in Chambers of:
U.S. District Judge
DORA L. IRIZARRY

NOV 18 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - -X

UNITED STATES OF AMERICA

    -against-

JOSEPH TALAMINI,

               Defendant.

- - - - - - - - - - -X

CONSENT ORDER
OF FORFEITURE

10-CR-289 (S-1)(DLI)

       WHEREAS, on or about June 13, 2011 the Defendant, Joseph Talamini, entered a plea of guilty to Count Five of the Superseding Indictment, charging a violation of 18 U.S.C. § 1344;

       WHEREAS, the defendant, as part of his plea agreement with the United States, has agreed to the entry of an Order of Forfeiture, imposing a forfeiture judgment in an amount equal to at least Fifty Thousand dollars ($50,000.00) in U.S. currency (the "Forfeiture Money Judgment"), as property that constitutes or is derived from proceeds that the defendant obtained, directly or indirectly, as a result of the defendant's violation of 18 U.S.C. § 1344, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

       WHEREAS, the defendant agrees that if the Court orders a forfeiture money judgment in an amount greater than

U.S. v. Talamini, 10-CR-289 (S-1)(DLI), Consent Order of Forfeiture

$50,000.00, the defendant will be responsible for the full amount of that forfeiture money judgment; and

WHEREAS, nothing contained in the defendant's plea agreement shall limit the right of the government to pursue a forfeiture money judgment or the forfeiture of assets in an amount greater than $50,000.00.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461, a forfeiture money judgment in the amount of fifty thousand dollars in U.S. currency is hereby entered against the defendant.

2. The defendant is liable to pay the Forfeiture Money Judgment no later than one week before the date the defendant is sentenced (the "Due Date"). If he fails to pay the Forfeiture Money Judgment, interest will accrue at the statutory post-judgment rate of interest, as set forth in 18 U.S.C. § 3612(f)(2), and the United States can, among other things, execute on any substitute assets or collect on the Forfeiture Money Judgment pursuant to the Federal Debt Collection Procedure Act, 21 U.S.C. § 853(p), or any other applicable law.

3.	The defendant shall fully assist the Government in effectuating the payment of the Forfeiture Money Judgment. The defendant shall not file or interpose any claim or assist others in filing or interposing any claim to any property against which the Government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

4.	The defendant represents that he has disclosed all of his assets to the United States on a Financial Statement, dated June 13, 2011 (the "Financial Statement"). The defendant agrees that failure to disclose assets on the Financial Statement constitutes a material breach of this agreement. In addition, the defendant consents to the forfeiture to the United States of all assets in which he has an interest, but failed to disclose on the Financial Statement, if any.

5.	Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. The defendant agrees to execute any documents to effectuate the forfeiture of said assets.

6.	Pursuant to Fed. R. Crim. P. 32.2(b)(3), at sentencing, this Order of Forfeiture shall be made a part of the defendant's sentence and included in the final Judgment.

U.S. v. Talamini, 10-CR-289 (Irizarry, J.) (Order of Forfeiture)

4

7.  The Forfeiture Money Judgment shall be paid in the form of certified or bank check(s), payable to the "United States Marshals Service", and all said checks shall be sent by overnight air express delivery to Assistant United States Attorney Tanya Y. Hill, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check.

8.  The Clerk of Court shall forward four certified copies of this order to the U.S. Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, Att: FSA Paralegal Dionne Gill.

Date:   Brooklyn, New York
        ~~October~~ *17*, 2011
        (November)                    SO ORDERED:

                                      S/DLI
                                      ─────────────────────
                                      HONORABLE DORA L. IRIZARRY
                                      UNITED STATES DISTRICT JUDGE

U.S. v. Talamini, 10-CR-289 (Irizarry, J.) (Order of Forfeiture)